United State Federal District Court
Boston, Massachusetts.
Date: 6-25-04

FILED
[IN]S OFFICE

Guincy Jackson  '04 JUN 28 P 2:19
A 71-756-502
U.S. DISTRICT COURT
DISTRICT OF MASS

V.

John Ashcroft, US Attorney General
James Ziglar, DHS Commissioner
Steven Farquharson, INS District
Director Boston Field Office
Respondents.

Civil Action
No. _____

Petition for a writ of habeas Corpus
Pursuant to 28 U.S.C § 2241

Petition, Guincy Jackson, hereby petitions this Court for a writ of habeas Corpus to remedy petitioner's unlawful detention by the Respondents. In support of his petition and complaint for injunctive relief, petitioner alleges the follows:

## 1. Custody

Petitioner is in the physical Custody of department of homeland Security. Bureau of Immigration & Customs Enforcement ("DHS/BICE" hereinafter). Petitioner is detained at Bristol County House of Correction, on 400 Faunce Corner Road, in North Dartmouth, Massachusetts.

Petitioner is under direct control of respondents & their agents.

## 2. Jurisdiction

This action arises under the Constitution of United States, and the Immigration and Nationality Act ("INA"), 8 U.S.C § 1101 et seq., Amended by the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") Pub. L. No. 104-208, 110 Stat, 1570, and the Administrative Procedure Act ("APA") 5 U.S.C § 701 et seq.

This court has jurisdiction under 28 U.S.C § 2241, Article 1 § 9, cl. 2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C § 1331, as the petitioner is presently in custody under the color of authority of United States, and such custody is in violation of the Constitution, laws or treaties of United States of America. This court may grant relief pursuant to 28 U.S.C § 2241, 5 U.S.C § 702, and All Writs Act 28 U.S.C § 1651.

Petitioner has exhausted any and all administrative remedies to the extent required by law.

## 3 VENUE

Pursuant To: <u>BRADEN v. 30th JUDICIAL CIRCUIT COURT OF KENTUCKY</u>, 410 US 484, 493-500 (1973), The Venue lies within United States Federal district Court in Boston, the Judicial district in which the petitioner Resides.

## PARTIES

Petitioner is a native and citizen of Liberia. Petitioner was taken into DHS's Custody on January 10th 2004, and has remained in such Custody continuously since petitioner was ordered deported by Boston Immigration Court Judge on November 16th 2003.

Respondent, John D. Ashcroft is the attorney general of the United States of America. He is responsible for the administration of DHS and the implementation and Enforcement of Immigration & Nationality Act (INA) wherefore, Mr. John D. Ashcroft has the ultimate Custodial authority of the petitioner.

Respondent, James Ziglar, is the DHS Commissioner. He is responsible for DHS/ICE Administration, and the implementation and Enforcement of (INA).

Wherefore, Mr. Ziglar is the legal custodian of the Petitioner.

Respondent, Steven Farquharson, is the district director of the Boston DHS/ICE district office and is the petitioner's immediate custodian. See VASQUEZ V. RENO, 233 F.3d 655, 690 (9th Cir. 2000), Cert. denied, 122 S.ct. 43 (2001).

## Factual Allegations

Petitioner is a Native and Citizen of Liberia. He has been incarcerated under DHS/ICE custody since January 10TH 2004. An immigration judge ordered the petitioner Removed on November 18th 2003. However, to date, DHS/ICE has been unable to remove petitioner to Liberia.

Petitioner has fully cooperated with DHS/ICE efforts to remove him from United States. Petitioner's most recent review under 8 C.F.R. § 212.12, took place on the 04-12-04. On 04-12-04, Petitioner was served with a written decision by DHS/ICE to continue petitioner's indefinite detention. Petitioner was informed that DHS/ICE will continue his detention.

In ZADVYDAS V. DAVIS, 533 U.S 678 (2001), the Supreme Court held that six months is the presumptively reasonable period during which DHS/ICE, formerly known as INS, may detain aliens in order to effectuate their Removal. Id at 702.

Interim administrative regulations also recognize that the headquarter post-detention unit has six-month period for determining whether there is a significant likelihood of an alien's removal in the reasonably foreseeable future. 8 CFR § 241.13(b)(2)(ii).

Petitioner was ordered removed on 11-18-03 and removal order became final on the same day when he waived his right to appeal. Therefore, the six-month presumptively reasonable removal period for petitioner ended on May 12th 2024.

### Statutory Violation

Petitioner re-alleges and incorporated all the aforementioned paragraphs. Petitioner continued detention by the respondents violates 8 U.S.C. § 1231(a)(6), as interpreted in ZADVYDAS

Petitioner's ninety-day statutory removal period & six-month presumptively reasonable period for continued Removal efforts both have passed. Respondents are unable to remove petitioner to Liberia because there is no repatriation agreement between both countries.

Liberia will not accept it's citizen who have been ordered deported from United States. In ZADVYDAS, The Supreme Court held that the continued indefinate detention or someone like the petitioner under such circumstances is unreasonable and not authorized by 5 U.S.C. §1231(a)(6). Section 1231(a)(6) Doesn't draw any distinction between aliens who are removable on the grounds of inadmissibility and those removable on grounds of deportability, and therefore ZADVYDAS's holding applies to both inadmissible as will as admissible aliens under final order of deportation.

Xi V. INS, 298 F 3d 832, 835-36 (9th Cir. 2002) (Chinese national apprehended at sea and therefore inadmissible was ordered released under ZADVYDAS); Borrero v. Aljets, 178 F. Supp 2d 1034, 1041-44 (D. minn. 2001) et cetera.

Petitioner's ninety-day statutory Removal & six-month presumptively reasonable period for continued removal efforts have both passed. It is extremely unlikely that respondents will be able to remove Petitioner to Liberia or any other country in a reasonably foreseeable future.

The Supreme court held in <u>ZADVYDAS</u> that the continued detention of someone like the petitioner under such circumstance is unreasonable, and is not authorized by 8 USC § 1231(a)(6).

### Substantive Due Process Violation

Petitioner re-alleges and incorporates by reference the aforementioned paragraphs. There is no significant likelihood that petitioner will be removed in the reasonably foreseeable future. The petitioner continued detention violates his right to substantive due process by depriving him of his core Liberty interest to be free from bodily restraint.

The due process clause of the 5th amendment requires that deprivation of petitioner liberty

be narrowly tailored to serve a compelling government interest. While respondent's might have a compelling government interest in assuring the petitioner's presence at the time of deportation, that interest doesn't justify petitioner's indefinite detention where he is unlikely to be deported. Because petitioner is not likely to be removed to Liberia, his continued indefinite detention violates substantive due process.

### Procedural Due Process Violation

Petitioner Re-alleges and incorporates by reference the aforementioned paragraphs. Under the due process clause of the 5th amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. Petitioner in the case has been denied that opportunity. There is no administrative mechanism in place for the petitioner to obtain a decision from a neutral arbiter or appeal a custody decision that violates ZADVYDAS.

(9)

See generally. 8 CFR § 212.12. The custody review procedures for detained aliens are constitutionally insufficient both as written and as applied. A number of courts have identified a substantial bias within the DHS/ICE toward the continued detention of aliens, raising the risk of an erroneous deprivation to unconstitutionally high levels.

See, e.g. PHAN V. RENO, 56 F. Supp 2d 1149, 1157 (W.D. Wash. 1999) ("INS does not meaningfully and impartially review the petitioner's custody status"). ST. JOHN V. McELROY, 917 F. Supp. 243, 251 (S.D.N.Y. 1996) ("due to political and community pressure, the INS, an executive agency, has every incentive to continue to detain aliens with aggravated felony convictions, even though they have served their sentences, on the suspicion that they may continue to pose a danger to the community").

RIVERA V. DEMORE, No. C 99-3042 TEH, 1999 WL 521177, *7 (N.D. Cal. July 13th 1999) (procedural due process requires that alien release determination be made by impartial adjudicator due to agency bias).

## Prayer for Relief

Wherefore, Petitioner prays that this court grant the following reliefs:

1. Assume Jurisdiction over this matter.
2. Grant petitioner a writ of habeas corpus directing the respondents to immediately release petitioner from custody.
3. Enter a preliminary & permanent injunctive relief enjoining the respondents from further unlawfull detention of the petitioner.
4. Award petitioner attorney's fees & cost under Equal access to Justice ("EAJA") Act, as amended, 5 USC § 504, and 28 USC § 2412, and for any other basis Justified under law.
5. Grant any other and further relief that this Court deems just and proper.

I do solemnly swear & affirm under the pains and penalties of perjury that the foregoing is true to the best of my knowledge.

Quincy Jackson
Bristol County Sheriff's Office
400 Faunce Corner RD North
Dartmouth, MA 02747