①
MOTION

United States Dept. of Justice
United States District Court
Boston, Massachusetts

FILED
IN CLERKS OFFICE
2004 JUL -6 P 4:09
U.S. DISTRICT COURT
DISTRICT OF MASS

Date: 07-02-04

Quincy Jackson
A71-756-802

V.

John Ashcroft, U.S Attorney General,
James Ziglar, I.C.E Commissioner,
Steven Farqhasson, I.C.E District Director
for the Boston District Office.

Respondents.

Civil Action No.
04-11472-NG

## Motion for Appointment of Counsel

(i) Petitioner is a native and citizen of Liberia. He is in Immigration and Customs Enforcement (herein after "ICE") custody in United States, but has been ordered removed to Liberia by an Immigration Judge. Petitioner's removal order is final, but petitioner cannot be removed to Liberia, or any other country. Therefore, petitioner remains indefinitely detained in ICE custody, and has been confined for a period far longer than the law mandates.

(ii) Under U.S.C § 1231(a)(1)(2), once an alien has been ordered removed, the Attorney General must carry out the removal within a period of 90 (ninety) days, during which time the alien shall be detained. The Post-Removal-Period


motion

provision of the same statute, 8 U.S.C § 1231(a)(6), allows for certain aliens to be detained beyond the removal period, but the Supreme Court explicitly limited this detention period in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).

(iii) In that case, the court held that § 1231(a)(6) restricts an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal, and that it "does not permit indefinite detention." <u>Zadvydas</u>, 533 U.S at 689. The court found that a presumption exists that an alien may not be held longer than six months. The general rule is that an alien may be confined only until there is "no significant likelihood of removal in the reasonably foreseeable future." <u>Id</u> at 701.

(iv) The question is whether petitioner's detention is in violation of laws of the United States of America is one for a federal habeas court to hear. See id at 28 U.S.C § 2241. Accordingly, petitioner files the accompanying habeas corpus petition, requesting that this court order petitioner's immediate release from ICE custody.

(v) Moreover, petitioner requests that this court appoint counsel to represent petitioner in this habeas action.


③ motion

## THE COURT SHOULD EXERCISE IT'S DISCRETION TO APPOINT COUNSEL

(i) Assuming that a petitioner has shown financial need, a district court may appoint counsel in a habeas proceeding under 28 U.S.C. § 2241 when the "interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Courts have often examined three elements in determining whether appointment of counsel is necessary; (i) the likelihood of success on merits, (ii) the complexity of the legal issues involved in this case, and (iii) the ability of the petitioner to present the case in light of it's complexity. See WEYGANDT v. LOOK, 718 F.2d 952, 954 (9th Cir. 1983) SALGINA v. THORNBURGH, 775 F.Supp. 507, 511 (D. Conn. 1991).

(ii) Petitioner has been held in custody for more than six-months since being ordered removed to Liberia, and removal in the reasonably foreseeable future is unlikely because Liberian counsul hasn't yet recieved application for petitioner's application for travel documents from ICE. Under the Supreme Court's decision in ZADVYDAS, petitioner's continued detention is presumptively unreasonable and thus, petitioner has a high likelihood of success on the merits.

(iii) Succinctly, petitioner will encounter great difficulty presenting this habeas corpus case alone. The House Report on the predecessor to § 3006(A)(2)(B) recognize that habeas corpus proceedings often present "serious and complex issues of law and fact" that would necessitate the assistance of counsel. H.R. Rep. No. 1546, 91st Cong. 2d Sess. (1970), reprinted in 1970 U.S.C.C.A.N. 3982, 3993.



(iv) In addition, the Congressional Report on § 3006(A)(2)(B) states that court should appoint counsel when "necessary to insure a fair hearing." Id. The complexity of a habeas case will pose an especially great obstacle for petitioner. In light of the complicated issues involved in habeas cases and petitioner's inability to adequately present the case at bar, as well as the petitioner's likelihood of success on the merits, this court should exercise it's discretion to appoint counsel under 18 U.S.C 3006A (a)(2)(B).

## APPOINTMENT OF COUNSEL IS NECESSARY BECAUSE DISCOVERY IS IMPERATIVE

(i) The rules governing habeas proceedings require the appointment of counsel in certain circumstances. The rules cited in Section II and III typically govern those habeas corpus cases brought under § 2254. However, the rules may be applied to habeas cases that do not fall under § 2254, such as those cases arising under § 2241, at the discretion of the court. See Rule 1(b), 28 U.S.C. foll. § 2254.

(ii) Under Rule 6(a), 28 U.S.C. foll. § 2254, a judge must appoint counsel for a petitioner if it is "necessary for effective utilization of discovery procedures." The ICE has information and documents relevant to petitioner's habeas petition, and without the assistance of counsel, petitioner will not be able to effectively pursue discovery and, as a result, will not adequately present his claims.



⑤ MOTION

(iii) THE AID OF AN ATTORNEY IS ESPECIALLY IMPORTANT IN THIS CASE, GIVEN THE PETITIONER'S LACK OF FAMILIARITY WITH LEGAL PROCEDURES INVOLVED IN REQUESTING AND OBTAINING DISCOVERY. MOREOVER, EVEN IF PETITIONER WAS TO OBTAIN DOCUMENTS IN DISCOVERY, WITHOUT THE ASSISTANCE OF COUNSEL, PETITIONER WOULD NOT BE CAPABLE OF SUFFICIENTLY REVIEWING THEM IN ORDER TO DETERMINE THE LIKELIHOOD OF BEING REMOVED IN THE FORESEEABLE FUTURE.

<u>AN EVIDENTIARY/MOTION HEARING MAY BE NECESSARY</u>

(i) UNDER RULE 8(c), 28 U.S.C. FOLL. §2254, THE COURT IS REQUIRED TO APPOINT COUNSEL IN A HABEAS PROCEEDING IF AN EVIDENTIARY HEARING IS NEEDED. AN EVIDENTIARY HEARING WILL LIKELY BE NECESSARY IN THIS CASE. REGARDLESS OF ANY OTHER ISSUES, IF AN EVIDENTIARY HEARING IS SCHEDULED, THE COURT MUST APPOINT COUNSEL FOR PETITIONER.

(ii) FOR THE FOREGOING REASONS, THIS COURT SHOULD APPOINT COUNSEL TO ASSIST PETITIONER IN THE INSTANT HABEAS PROCEEDINGS CHALLENGING PETITIONER'S DETENTION BY I.C.E, PURSUANT TO THE SUPREME'S COURT DECISION IN <u>ZADVYDAS</u>.

RESPECTFULLY SUBMITTED

QUINCY JACKSON, PETITIONER
A71-756-802